UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBBIE MONTGOMERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV02137ERW |
| ) | |
| SPRINT/UNITED MANAGEMENT ) | |
| COMPANY, d/b/a SPRINT ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss [doc. # 6].

## I. BACKGROUND

Defendant Sprint/United Management Company is a foreign corporation doing business in St. Louis County as "Sprint." Plaintiff has been employed by Defendant Sprint from 1984 to the present. From approximately 1996 to the present, Plaintiff has held the position of Senior Account Manager. In January 2003, Defendant created an incentive compensation plan designed to reward Account Managers and Senior Account Managers who meet certain goals by paying them amounts in addition to their base compensation (the "Plan"). In 2003, Plaintiff participated in the Plan and accepted its terms on or about January 9, 2003. The Plan contained a forum selection clause that states: "Kansas law governs the Plan . . . Any lawsuit involving claims under the Plan must be brought in Johnson County Kansas District Court or the United District Court for the District of Kansas." In 2003, Defendant directed Plaintiff to sell telephone services to Direct One in Trinidad and Tobago. By December 2003, Plaintiff was successful in selling telephone services to Direct One in both Trinidad and Tobago. Defendant paid Plaintiff a total of Ten Thousand Dollars ($10,000) for the

1

sale. Allegedly, Plaintiff was entitled to incentive compensation under the Plan in the amount of Three Hundred Thousand Dollars ($300,000) for the sale of telephone services to Direct One. Defendant refused and failed to pay Plaintiff the amount of incentive compensation allegedly due to Plaintiff under the terms of the Plan. Plaintiff brought this lawsuit in St. Louis County Circuit Court alleging Defendant breached the provisions of the Plan when it refused to pay Plaintiff the incentive compensation requested by Plaintiff.

## II. PROCEDURAL HISTORY

Plaintiff filed a Petition with the St. Louis County Circuit Court which was removed on the basis of diversity to the United States District Court for the Eastern District of Missouri on November 14, 2005. On November 21, 2005, Defendant filed the instant motion requesting dismissal for improper venue.

## III. MOTION TO DISMISS

Defendant seeks an Order dismissing this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure based on the forum selection clause in the Plan. The Eighth Circuit Court of Appeals has not decided whether the enforceability of a forum selection clause raises primarily substantive or procedural issues. *See M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999). Therefore, in a diversity case such as this, whether state law or federal law controls is unclear. Fortunately, however, in the instant case, it does not matter whether state law or federal law applies because the only two states whose law might apply, i.e., Missouri and Kansas have adopted the federal standard for enforcing forum selection clauses set forth in *M/S Bremen v. Zapata Offshore Company*, 407 U.S. 1, 18-19 (1972); *see also Chase Third Century Leasing Co. v. Williams*, 782 S.W.2d 408, 411 (Mo. App. 1989) and *Vanier v. Ponsoldt*, 251 Kan. 88, 101 (Kan. 1992). Under *M/S Bremen*, forum selection clauses are presumed valid and should be enforced unless the party

opposing enforcement can clearly show "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reason as fraud or overreaching." *M/S Bremen*, 407 U.S. at 15. Enforcement of a forum selection clause will not be deemed "unreasonable or unjust" unless the party seeking to avoid enforcement shows "that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id*. at 18. The party resisting enforcement bears a "heavy burden" in convincing the court that he should not be held to his bargain. *Id.* at 17.

Plaintiff argues that the forum selection clause should not be enforced because there was not a freely negotiated agreement. Plaintiff asserts a lack of bargaining power to support this argument. This argument does not include an assertion of the overreaching or fraud necessary to avoid enforcement of the forum selection clause nor does it indicate unfairness sufficient to overcome application of the clause. *See Chase Third Century Leasing Co.*, 782 S.W.2d. at 411-12. Moreover, the fact that the contract was a form contract and that the individual clauses were not actually negotiated does not render the forum selection clause per se unenforceable. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991); *ee also M.B. Rests.*, 183 F.3d at 752. Plaintiff has failed to present any additional facts supporting the conclusion that the forum selection clause was procured through fraud or overreaching.

Plaintiff also claims that the contractual forum will be difficult and inconvenient for her and her witnesses. Plaintiff suggests that numerous witnesses are located in Missouri. "Inconvenience to a party [however] is an insufficient basis to defeat an otherwise valid forum selection clause." *M.B. Rests., Inc.*, 183 F.3d at 753. Plaintiff has not met her burden in showing that the contractual forum will be so difficult and inconvenient as to practically deprive her of her day in court. Thus, the forum selection clause is presumed valid and enforceable.

3

Additionally, Plaintiff asserts that Defendant conceded that venue was proper in this court when Defendant removed this case to federal court. Defendant does not base its objections to venue upon the general venue statutes. Rather, Defendant claims that venue is improper because the forum selection clause is enforceable, and thus, should be enforced. Plaintiff cites no relevant authority for the proposition that a defendant, upon removing a case to federal court, waives its right to request dismissal for improper venue based upon a forum selection clause. Because Plaintiff has failed to rebut the presumption under *M/S Bremen* that this forum selection clause is valid and should be enforced, Defendant's Motion to Dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Case [doc. #6] be **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall be permitted to file a motion for reconsideration, no later than **March 15, 2006**, if a case cannot be brought in the Johnson County District Court or the United District Court for the District of Kansas for any reason.

Dated this 2nd day of March, 2006

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE